

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

**By ECF**                                                                                          February 8, 2024

Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mulgrew v. United States Dep't of Transp.*, 21-cv-81 (DG)(JAM)

Dear Judge Gujarati:

      This Office, along with the U.S. Department of Justice Environment and Natural Resources Division, represents Defendants the United States Department of Transportation ("USDOT"), the Federal Highway Administration ("FHWA"), FHWA Administrator Shailen Bhatt, and Richard J. Marquis, FHWA New York Division Administrator (collectively, the "Federal Defendants") in the above-referenced matter. Federal Defendants write pursuant § III(A)(1) of You Honor's Individual Practice Rules to respectfully request a pre-motion conference ("PMC") in anticipation of their motion to dismiss all claims applicable to them in this action pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.

### I.    Relevant Background

      Pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA"), Plaintiffs bring claims under the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.* ("NEPA"), challenging Federal Defendants' environmental review associated with the implementation of the Manhattan Central Business District ("CBD") Tolling Program ("the Project"), which will implement a cordon-type vehicle tolling program to reduce traffic congestion in Manhattan and generate revenue for future transportation capital improvements. *See Notice of Final Federal Actions on the Central Business District Tolling Program, New York, New York*, 88 Fed. Reg. 123, 41,998 (June 28, 2023).[1] Specifically, Plaintiffs contest the sufficiency of FHWA's May 12, 2023 Final Environmental Assessment ("EA") and June 23, 2023 Finding of No Significant Impact ("FONSI") for the Project, as well as FHWA's forthcoming re-evaluation of those documents pending issuance of a final tolling schedule by the Triborough Bridge and Tunnel Authority ("TBTA"). *See* ECF No. 19, Am. Compl. ¶¶ 145-160.[2]

---

[1] Federal approval to implement the Project under USDOT's Value Pricing Pilot Program is necessary because some roadways within the Manhattan CBD are part of the National Highway System, and some have been improved with federal funding.

[2] Plaintiffs also assert claims for purported violations of the Dormant Commerce Clause and the Right to Interstate Travel, *see* Am. Compl. ¶¶ 161-175, which Plaintiffs' counsel has confirmed in writing are not intended to be asserted against Federal Defendants. Moreover, to the extent Plaintiffs' purported cause of action under the New York State Constitution is asserted against Federal Defendants, *see* Am. Compl. ¶¶ 176-184, that claim is barred by sovereign immunity. *Gottesfeld v. Anderson*, No. 18-10836 (PGG), 2020 WL 1082590, at *12 (S.D.N.Y. Mar. 6,

## II.     The Federal Defendants' Proposed Motion

### A. *Plaintiffs' Claim Challenging the Final EA and FONSI are Time Barred.*

As an initial matter, Plaintiffs' claims challenging the Final EA and FONSI are time barred. *See* Am. Compl. ¶¶ 145-51. On June 28, 2023, notice was published in the Federal Register stating "that FHWA and other Federal agencies have taken final agency actions by issuing approvals for the [ ] highway project in the State of New York: Central Business District Tolling Program" and explaining that "subject to 23 U.S.C. 139(l)(1)[,] [a] claim seeking judicial review of the Federal agency actions . . . will be barred unless the claim is filed on or before November 27, 2023." 88 Fed. Reg. at 41,998; *see also* 23 U.S.C. § 139(l)(1) ("a claim arising under Federal law seeking judicial review of a permit, license, or approval issued by a Federal agency for a highway or public transportation capital project shall be barred unless it is filed within 150 days after publication of a notice in the Federal Register announcing that the permit, license, or approval is final pursuant to the law under which the agency action is taken."). Plaintiffs' initial Complaint, however, was not filed until January 4, 2024, outside the statutory time limit.

Courts have consistently affirmed that this statutory limitation bars untimely claims challenging environmental reviews of transportation projects. *See Yorkshire Towers, Co., L.P. v. U.S. Dep't of Transp.*, No. 11-1058, 2011 WL 6003959, at *5-6 (S.D.N.Y. Dec. 1, 2011) (applying § 139 statute of limitations and distinguishing between time-barred claim challenging NEPA decision and timely claim challenging failure to supplement based on new information); *see also Tahoe Cabin LLC v. Fed. Highway Admin.*, No. 22-175, 2023 WL 2021289, at *4 (D. Nev. Feb. 14, 2023); *Montlake Cmty. Club v. Mathis*, No. 17-1780, 2019 WL 3928732, at *3 (W.D. Wash. Aug. 20, 2019) (plaintiffs could not contest "environmental impacts that were considered" in NEPA documents to which challenge was time-barred); *Native Songbird Care and Conservation v. LaHood*, No. 13-2265, 2013 WL 3355657, at *5 (N.D. Cal. July 2, 2013).  So too here, Plaintiffs' claims regarding the Final EA and FONSI are time-barred. *See Thompson Metal Fab, Inc. v. U.S. Dep't of Transp.*, 289 F.R.D. 637, 643 (D. Or. 2013) (dismissing claims filed approximately eight weeks after the § 139(l) statute of limitations had run); *see also Citizens for Appropriate Rural Roads, Inc. v. Foxx*, No. 11-1031, 2015 WL 179571, at *5 (S.D. Ind. Jan. 4, 2015) ("Although summary disposition of the claims on [the basis of § 139(l)(1)] may seem an exercise in formalism, the bounds of federal court jurisdiction are drawn with precision, and intentionally so.").

Accordingly, Plaintiffs' claims challenging the Final EA and FONSI should be dismissed.[3]

---

2020) ("the New York State Constitution only permit[s] suits against state actors acting under color of state law, and not against the federal government or federal employees acting under federal law.") (*quoting Hightower v. United States*, 205 F. Supp. 2d 146, 154 n.4 (S.D.N.Y. 2002)).

[3] Although their claim is time-barred, Plaintiffs are incorrect that the need for FHWA to conduct a re-evaluation renders the Final EA invalid. *See* Am. Compl. ¶¶ 147-48. Instead "an agency [may] complete[] a programmatic" review and perform "additional assessment [ ] where localized environmental effects have not been fully evaluated in the programmatic statement." *Vt. Pub. Interest Research Grp. v. U.S. Fish & Wildlife Serv.*, 247 F. Supp. 2d 495, 528 (D. Vt. 2002); *see also Citizens Advisory Comm. on Priv. Prisons, Inc. v. U.S. Dep't of Just.*, 197 F. Supp. 2d 226, 249 (W.D. Penn. 2001) ("agencies are regularly permitted to prepare supplemental environmental documents, even after they have already committed to a project.").

2

B. *Plaintiffs' Supplemental NEPA Claim is Unripe*

Plaintiffs also allege that FHWA's forthcoming re-evaluation is presumptively invalid. Am. Compl. ¶¶ 152-160. Plaintiffs' claim, however, is facially unripe.[4] *See Jurist v. Long Island Power Auth.*, 538 F. Supp. 3d 254, 267 (E.D.N.Y. 2021) (Brodie, C.J.), *aff'd Powers v. Long Island Power Auth.*, No. 21-1755, 2022 WL 3147780 (2d Cir. Aug. 8, 2022) (because agency "will need to conduct a review of their plans . . . the plans Plaintiff challenges are too speculative for this Court to review, and Plaintiffs' challenge, which is based on their expectations about [the agency's] future involvement, is unripe."). The very purpose of FHWA's re-evaluation process is to "determine whether an environmental document or decision remains valid for Agency decisionmaking."[5] *See also South Trenton Residents Against 29 v. Fed. Highway Admin.*, 176 F.3d 658, 661 (3d Cir. 1999) ("[t]he purpose of the Reevaluation was to determine whether . . . a [s]upplemental [NEPA review] was necessary."). Here, FHWA clearly explained that "[t]he adopted TBTA toll rates and structures will have to be re-evaluated to determine if the decision made in the FONSI is still valid,"[6] and FHWA has not yet finalized that review (and indeed cannot do so until the TBTA's administrative process is complete).

FHWA must make a re-evaluation determination before the Court may assess its sufficiency. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003) ("Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized . . . .'") (citation omitted). Plaintiffs' argument would improperly prejudge that review, and deprive FHWA of the opportunity to compare the TBTA's final tolling schedule to the analysis in the Final EA. *See Dine Citizens Against Ruining Our Env't v. Klein*, 676 F. Supp. 2d 1198, 1215 (D. Colo. 2009) (finding "supplementation claim with respect to these two [ongoing] actions is not ripe"); *see also Native Songbird*, 2013 WL 3355657 at *7 ("the agency does not 'unlawfully withhold' its determination if it has not yet had time to prepare it").

In sum, until FHWA completes its re-evaluation, there is no agency decision that Plaintiffs may claim is contrary to 23 C.F.R. § 771.129.[7]

\*\*\*

Accordingly, Federal Defendants request a PMC, and thank the Court for its time and

---

[4] Under the New York State Administrative Procedure Act, the TBTA is soliciting comments on the proposed tolling structure through March 4, 2024. *See* https://new.mta.info/project/CBDTP. FHWA will commence its re-evaluation once the TBTA adopts a final tolling schedule.

[5] *NEPA Re-Evaluation Joint Guidance* (Aug. 14, 2019) at 1, *available at* https://www.environment.fhwa.dot.gov/legislation/nepa/reevaluation_guidance_08142019.pdf

[6] FONSI at 26, *available at* https://new.mta.info/document/114186.

[7] Even issuance of the re-evaluation would not ripen the claim alleged by Plaintiffs in their Amended Complaint. Instead, "premature suits for review of agency decisions must be dismissed even when the passage of time supplies the item missing at the time of filing—here, an agency decision." *Pub. Citizen v. Nuclear Regulatory Comm'n*, 845 F.2d 1105, 1107 (D.C. Cir. 1988). Thus, Plaintiffs would need to file a new suit challenging the re-evaluation when it is issued.

3

consideration of this matter.

                                                Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

By: */s/ Philip R. DePaul*
PHILIP R. DePAUL
MATTHEW SILVERMAN
Assistant United States Attorneys
(718) 254-7503
philip.depaul@usdoj.gov

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*
GREGORY M. CUMMING
SAMANTHA G. PELTZ
Trial Attorneys
Environment & Natural Resources Division
Natural Resources Section
(202) 305-0457
gregory.cumming@usdoj.gov

cc:      All Counsel (by ECF)