

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
Attorney General

DIVISION OF SOCIAL JUSTICE
Environmental Protection Bureau

February 8, 2024

BY CM/ECF
The Honorable Diane Gujarati
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Mulgrew v. U.S. Department of Transportation*
No. 1:24-cv-00081-DG-JAM

Dear Judge Gujarati:

Our office represents defendant New York State Department of Transportation ("Department") in the above-referenced matter.  Pursuant to Your Honor's individual practice rules, we write to respectfully request leave to file a motion to dismiss this action as against the Department pursuant to Federal Rule of Civil Procedure 12.

This case concerns the anticipated congestion pricing program for Manhattan below 60th Street, not including the FDR Drive, West Side Highway, and other limited roads.  Upon implementation, the program will charge tolls on vehicular traffic to reduce congestion and to raise funds for public transit.  Under the relevant state statutes, defendant Triborough Bridge & Tunnel Authority ("Triborough") has the authority to set the tolls.  Because some roads that have received federal funding will be subject to the tolls, the State cannot begin tolling until the program is accepted into the federal Value Pricing Pilot Program ("Value Program") administered by defendant Federal Highway Administration.

This federal involvement triggers environmental review obligations for the Highway Administration under the National Environmental Policy Act, 42 U.S.C. 4321 – 4370m-11 ("NEPA").  Consistent with those obligations, the Highway Administration has issued a 900+ page environmental assessment in coordination with the project sponsors, namely, the Department and defendants Triborough and New York City Department of Transportation.

The Hon. Diane Gujarati
February 8, 2024
Page 2

The tolls are not yet in effect.  Triborough has published a proposed toll structure, is accepting public comments, and will hold public hearings before eventually setting final tolls, which may differ from the proposed tolling structures. Once Triborough sets the tolling structures, the Highway Administration will re-evaluate its environmental review to determine whether it remains valid in light of the final tolling rates and structure.  *See* 23 C.F.R. § 771.129.  Only after that re-evaluation is complete would the Highway Administration and the project sponsors enter into a Value Program agreement that would provide federal authority to begin the tolling.

On January 4, 2024, the plaintiffs filed their complaint in this action [ECF No. 1], and on January 26, 2024, they filed an amended complaint [ECF No. 19]. The amended complaint asserts five causes of action.  The first cause of action alleges that the defendants have violated NEPA because, among other things, the environmental assessment does not evaluate the impacts of the final toll structure and otherwise fails to consider all environmental impacts.  Amend. Cmplt. ¶¶ 145 – 151.  The second cause of action asserts that the defendants are required to supplement the existing environmental review to address recent developments.  *Id.* ¶¶ 152 – 160.

The third and fourth causes of action allege that the congestion pricing program violates the dormant commerce clause and the constitutional right to travel.  *Id.* ¶¶ 161 – 175.  The fifth cause of action asserts that the program violates the State Constitution's Green Amendment because the congestion pricing program will produce traffic and air pollution without adequate environmental review.  *Id.* ¶¶ 176 – 184.

To the extent these causes of action are pled against the Department, there are multiple grounds to dismiss them.[1]

*Eleventh Amendment.*  The Eleventh Amendment bars citizens from filing suit against states or state agencies in federal court for claims of violation of federal or state law.  *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (alleged violation of state law); *Surprenant v. Mass. Turnpike Auth.* 768 F. Supp. 2d 312, 319 (D. Mass 2011) (dormant Commerce Clause claim regarding state toll provision).  While Congress can abrogate that immunity pursuant to a

---

[1] The Department notes that it may assert additional grounds for dismissal should the Court grant it leave to move.

The Hon. Diane Gujarati
February 8, 2024
Page 3

federal statute enacted under the authority of the 14th Amendment and a state can waive its immunity, neither has happened here.  Accordingly, the Court does not have jurisdiction over the Department on any of the causes of action.

*Statute of Limitations.*  The first cause of action is untimely.  Under 23 U.S.C. § 139(*l*)(1), the plaintiffs needed to file their claims for judicial review of the environmental assessment within 150 days of the Highway Administration's publication of a Federal Register notice announcing that the assessment and the Finding of No Significant Impact were final.  The Highway Administration published that notice on June 28, 2023, and 150 days from that date was November 25, 2023.  Plaintiffs did not file until January 4, 2024.

*Ripeness.*  The last four causes of action are not ripe, because, as noted above, there are many steps left before the program can go into effect.  *See*, *e.g.*, *Anderson v. Green*, 513 U.S. 557, 559 (1995) (no ripe dispute when federal agency had not taken action prerequisite to state program implementation).  Thus, at present there is no interference with interstate commerce or travel and no action that could violate the Green Amendment.  In addition, the second cause of action concerning supplementation of the environmental assessment is premature because there are already plans to re-examine the assessment after Triborough promulgates the final toll schedule.  *See*, *e.g.*, *AstraZeneca Pharmaceuticals LP v. Food & Drug Admin.*, 850 F. Supp. 2d 230, 246 (D.D.C. 2012) (no ripe dispute when there was the possibility of additional agency consideration).

Accordingly, the Department respectfully requests leave to move to dismiss. Thank you for the Court's consideration of this request.

Respectfully submitted,

*/s/ Andrew G. Frank*

Andrew G. Frank
Assistant Attorney General

c (by CM/ECF):
        All counsel of record