

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007-2601

**CHRISTIAN HARNED**
Environmental Law Division
(212) 356-1676
FAX: (212) 356-2069
chharned@law.nyc.gov

February 9, 2024

VIA ECF ONLY

Judge Diane Gujarati
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 4B South
Brooklyn, NY 11201

Re: Mulgrew, et al. v. U.S. Dep't of Transp., et al. (24-cv-00081 (DG) (JAM)

To the Hon. Diane Gujarati:

Counsel for the New York City Department of Transportation ("City DOT") writes pursuant to your Individual Practice Rule III.A.1, seeking Court approval to file a motion under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' Amended Complaint, ECF No. 19 challenging the Central Business District Tolling Program (the "Project").

City DOT intends to move to dismiss this action on the basis that none of the proposed causes of action are justiciable. As discussed at greater length in the letters of our co-defendants, the Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA" and, collectively, "MTA/TBTA"), the U.S. Department of Transportation and the Federal Highway Administration ("FHWA"), and the New York State Department of Transportation ("State DOT"), each of the causes of action in the Complaint suffers from a fatal threshold defect. *See* ECF Nos. 27, 29-30.

The First Cause of Action challenges the adequacy of the Environmental Assessment for the Project. However, pursuant to 23 U.S.C. § 139(l)(1), Plaintiffs were required to file a claim challenging the Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") by November 27, 2023. Having been filed on January 4, 2024, Plaintiffs' challenge is untimely. *See Yorkshire Towers Co., L.P. v. U.S. Dep't of Transp.*, No. 11 CIV. 1058 TPG, 2011 U.S. Dist. LEXIS 137965, at *15, *17 (S.D.N.Y. Dec. 1, 2011).

The Second Cause of Action alleges that the defendants failed to supplement the environmental assessment with information reflecting the final tolling structure. However, a tolling

- 2 -

structure has not, at this point, been finalized, nor has there been a final decision on whether to supplement the EA. Rather, the tolling structure recommended by the Traffic Mobility Review Board is currently out for public comment and must still be adopted or modified by the TBTA before any decision on supplementing the environmental review can be made. Once that decision is made, FHWA will conduct the reevaluation of the adopted tolling structure to ensure that the decision made in the FONSI remains valid, and it is that process that will determine the need for any supplement to the EA. Because the complaint is predicated solely on the Plaintiffs' assumptions about the eventual outcome of an ongoing process, it is not ripe for judicial review. *Nevada v. Dep't of Energy*, 457 F.3d 78, 85 (D.C. Cir. 2006).

For the same reason, and as explained in both the MTA/TBTA and State DOT letters, the state and federal Constitutional claims concerning the dormant commerce clause, the alleged burden on the right to interstate travel, and the alleged burden on the right to a healthful environment under the New York Constitution are not ripe for this court's review. *See Texas v. United States*, 523 U.S. 296, 300 (1998); ECF Nos. 29-30. Each of these claims is contingent on actions not yet taken—namely, the adoption of a final tolling structure by the TBTA and the authorization for tolling by the FHWA. Thus, these claims are not ripe.

For the foregoing reasons, City DOT seeks leave to move to dismiss the complaint.

Respectfully submitted,

Christian Harned
Assistant Corporation Counsel