**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

February 16, 2024

**VIA ECF**

The Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Mulgrew v. U.S. Dep't of Transp.*, No. 24 Civ. 00081 (DG) (JAM)

Dear Judge Gujarati:

We write on behalf of the MTA Defendants in response to the letter filed yesterday by the Federal Defendants.[1] ECF 37. The Federal Defendants initially represented to us that they took no position on the proposed transfer of this action to the Southern District of New York. ECF 36. They still adhere to that view, though with the new caveat that they now believe dismissal for lack of subject-matter jurisdiction is preferable to transfer. *See* ECF 37 at 1. For the reasons given below, immediate transfer to SDNY remains the most appropriate path forward.

\* \* \*

As a matter of law, the Court is authorized to transfer this case to SDNY, notwithstanding the jurisdictional dispute raised by the Federal Defendants. Because "jurisdiction is vital only if the court proposes to issue a judgment on the merits," the Supreme Court has held that courts may decide "that the merits should be adjudicated elsewhere" prior to resolving jurisdictional disputes. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431-32 (2007). Specifically, the Supreme Court has held that a district court "may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.* at 432.

By its terms, *Sinochem* could be "justifiably read" as further applying "to motions to transfer venue." *Pac. Mar. Ass'n v. N.L.R.B.*, 905 F. Supp. 2d 55, 58 n.3 (D.D.C. 2012). Thus, many courts have applied *Sinochem* to order transfers under 28 U.S.C. § 1404(a)—despite open jurisdictional disputes—where such transfers would serve the interests of judicial economy and efficiency. *See, e.g.*, *In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) ("[T]he district court was not required to determine its own subject-matter jurisdiction before ordering the case transferred."); *Pac. Mar. Ass'n*, 905 F. Supp. 2d at 58-59 (collecting cases); *see also Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 95 (3d Cir. 2018). While some judges in this District have suggested a contrary view, *see* ECF 37 at 1, the Second Circuit has never held that a district court must find subject-matter jurisdiction before ordering a transfer under § 1404(a). It is

---

[1] The MTA Defendants are the Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority. The Federal Defendants are the U.S. Department of Transportation ("USDOT"), the Federal Highway Administration ("FHWA"), FHWA Administrator Shailen Bhatt, and Richard J. Marquis, FHWA New York Division Administrator.

therefore proper under precedent for the Court to transfer this case to SDNY prior to resolving the jurisdictional points that the Federal Defendants reference in their most recently filed letter.

In any event, since filing that letter, the Federal Defendants have further clarified their position in correspondence with the other parties. In relevant part, they stated as follows:

> On *Mulgrew* specifically, we think the proper course of action would be for Plaintiffs to submit their responses to Defendants' pre-motion letters; if, after review of those letters and responses, the Court is able to determine the grounds for dismissal are as straightforward as we believe them to be, it can dismiss on the basis of those filings alone pursuant to R.III.A.4 of J. Gujarati's Standing Rules. If the Court finds otherwise, and consistent with the legal standards we cited, then it can proceed with transfer of venue.

Ex. A. In other words, the Federal Defendants have confirmed that they believe transfer would be proper if their jurisdictional contentions are not sufficiently "straightforward" for quick dismissal.

We assume that Plaintiffs will directly address the Federal Defendants' jurisdictional contentions. That said, we think it is unlikely that the Court will find this issue "straightforward."

In short, the Federal Defendants contend in their pre-motion letter that one of Plaintiffs' NEPA claims is time-barred under 23 U.S.C. § 139(l)(1) because it was filed after the 150-day limitations period. ECF 27 at 2. But nowhere in their pre-motion letter did the Federal Defendants offer any detailed analysis or argument that the § 139(l)(1) limitations period bears on jurisdiction. *See id.* It was not until they filed their letter yesterday that the Federal Defendants addressed that point—and did so in just a single paragraph. *See* ECF 37 at 1-2. For this reason alone, it would be unwarranted to delay transfer of this case to resolve a jurisdictional issue that was barely raised.

Moreover, the proper disposition of that issue is not self-evident. The presumption under Supreme Court precedent is that "most time bars are nonjurisdictional." *United States v. Wong*, 575 U.S. 402, 410 (2015). Moreover, the specific question whether § 139(l)(1) creates a jurisdictional limitation has provoked judicial disagreement elsewhere. *See, e.g.*, *Tahoe Cabin, LLC v. Fed. Highway Admin.*, No. 22 Civ. 175, 2023 WL 2021289, at *3-4 (D. Nev. Feb. 14, 2023) (expressly treating this limitations period as non-jurisdictional); *Yorkshire Towers Co., L.P. v. United States Dep't of Transp.*, No. 11 Civ. 1058, 2011 WL 6003959, at *4-5 (S.D.N.Y. Dec. 1, 2011) (impliedly treating it as non-jurisdictional); *Highland Vill. Parents Grp. v. Fed. Highway Admin.*, 562 F. Supp. 2d 857, 862-66 (E.D. Tex. 2008) (treating it as jurisdictional). The Second Circuit has not yet weighed in—but this issue may potentially implicate a related, longstanding split over whether the general six-year statute of limitations for non-tort actions against the federal government is a jurisdictional bar. *See DeSuze v. Ammon*, 990 F.3d 264, 269 (2d Cir. 2021).[2]

---

[2] *Compare N. Dakota Retail Ass'n v. Bd. of Governors of the Fed. Rsrv. Sys.*, 55 F.4th 634, 642 (8th Cir. 2022) (holding § 2401(a) is not jurisdictional); *Jackson v. Modly*, 949 F.3d 763, 776 (D.C. Cir. 2020) (same); *Chance v. Zinke*, 898 F.3d 1025, 1033 (10th Cir. 2018) (same); *Matushkina v. Nielsen*, 877 F.3d 289, 292 n.1 (7th Cir. 2017) (same); *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 817-18 (6th Cir. 2015) (same); *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997) (same), *with Gen. Land Off. v. U.S. Dep't of the Interior*, 947 F.3d 309, 318 (5th Cir. 2020) (construing § 2401(a) as jurisdictional); *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) (per curiam) (same); *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988) (same).

KAPLAN HECKER & FINK LLP

3

Accordingly, resolution of the jurisdictional question cited by the Federal Defendants in their letter is unlikely to be "straightforward" and could involve substantial inconvenience and delay.[3]

For all these reasons, immediate transfer is appropriate. The Court is authorized under precedent to transfer this case prior to deciding a complex, unresolved jurisdictional question that the Federal Defendants have only cursorily presented. Delaying transfer—and delaying the case more broadly—could have deleterious effects on the litigation and public policy. And Judge Liman stands ready and willing to manage this case (including any jurisdictional disputes) in coordination with the two related matters already pending before him in the Southern District.

Respectfully submitted,

Roberta A. Kaplan

cc via ECF: The Honorable Lewis J. Liman

---

[3] By contrast, the Federal Defendants cite cases where the parties had already fully briefed the issue of subject matter jurisdiction, or where the lack of subject matter jurisdiction was clear from the complaint itself, and where it thus made good sense to decide subject matter jurisdiction prior to transferring the litigation. *See* ECF 37 at 1-2.