Alan Klinger
212 378 7677
aklinger@Steptoe.com

**Steptoe**

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

<u>Via ECF</u>

February 16, 2024

Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Mulgrew v. United States Dep't of Transp. ("Mulgrew")*, No. 21-cv-81 (DG)(JAM)

Dear Judge Gujarati,

We represent Plaintiffs in the above-captioned matter.  We were, to say the least, surprised to receive the Federal Defendants' letter of yesterday to the Court (ECF 37).  A brief recitation of the case history and recent discussions between the parties in this action and the other Congestion Pricing matters will explain not only our surprise, but our consternation, at this development.

As your Honor has been apprised, two other Congestion Pricing cases, *Chan, et. al. v. Dep't of Transportation*, 1:23-cv-10365 and *New Yorkers Against Congestion Pricing Tax v. Dep't of Transportation* are currently before Judge Liman in the Southern District of New York.  Because of the overlapping legal issues, last week we were asked by counsel for the MTA Defendants to consent to transfer this case to the SDNY.  On Monday, February 12, 2024, the parties in the SDNY actions appeared before Judge Liman, and Defendants' counsel informed the Court of the outstanding request to transfer this action to the SDNY.  The Court appeared to favor all of the actions being decided in one venue for efficiency and to avoid inconsistent decisions and encouraged the parties—if Plaintiffs would agree to the proposed transfer—to work out a coordinated briefing schedule on a motion for summary judgment in the *Chan* matter, as well as motions to dismiss in the *New Yorkers Against Congestion Pricing* and this matter to be submitted to the Court on Friday.  Counsel for the Federal Defendants (albeit separate attorneys from the EDNY action) were a part of that discussion.  Plaintiffs were instructed by Judge Liman to inform Defendants' counsel by the end of the day Tuesday if they would consent to transfer.

In accordance with the Court's instruction, and after engaging in lengthy consultation with our clients, Plaintiffs' counsel reached out to MTA counsel and consented to transfer this action to the SDNY.  Plaintiffs' counsel wanted to be clear in consenting that all Defendants would agree

1

(or at least not object) to transferring the action, in order to avoid the piecemeal litigation that the Federal Defendants now propose and underpins the rationale for consent.[1]

Having consented to transfer, counsel for the MTA informed Magistrate Judge Marutollo of the agreement to transfer (ECF 36). The Court thereupon adjourned today's scheduled conference and Plaintiffs' deadline for responsive pre-motion letters sine die, and the parties began cooperatively working yesterday towards a stipulation to transfer and joint SDNY briefing schedule to be submitted to Judge Liman. That briefing schedule in the SDNY, which Federal Defendants weighed in on, contemplates the very motion to dismiss that the Federal Defendants have now pressed should be decided by this Court. It was disingenuous, at best, to participate in the conference before Judge Liman where the discussion focused on all matters being decided before one Court, having that be part of the calculus to secure assent, and the collective scheduling of motions for all of the cases in the SDNY, including this case, and then subsequently request that this Court decide this action.

For the reasons articulated by the MTA Defendants counsel and Judge Liman, we agreed that judicial economy and efficiency were best served by transferring the matter to the SDNY. Briefing the same legal issues here that will be before Judge Liman wastes time, effort and judicial resources. The Federal Defendants are free to make their motion to dismiss in the SDNY (as they have already signaled they would) before Judge Liman.

Moreover, the Federal Defendants' pre-motion letter to this Court previewed the contents of their motion to dismiss based on the timeliness of the NEPA claims, which does not divest this Court of jurisdiction. Contrary to the Federal Defendants' assertions, well-settled Second Circuit precedent holds that "the statute of limitations is an affirmative defense that must be pleaded; it is not jurisdictional." *Chimblo v. Comm'r,* 177 F.3d 119, 125 (2d Cir. 1999); *Morgan v. Perez*, No. 17-CV-1317 (MKB), 2017 WL 2533385, at *3 n.5 (E.D.N.Y. June 9, 2017) ("New York courts have long recognized that the statute of limitations defense is not jurisdictional and can be forfeited or waived by a defendant.").

Nor, for that matter, is the ripeness issue as simple as the Federal Defendants suggest. A claim is unripe when the issues sought to be adjudicated are contingent based on future events that "may never occur." *Simmonds v. I.N.S.*, 326 F.3d 351 (2d Cir. 2003). Defendants, in the face of these lawsuits, have made clear their intent to have Congestion Pricing implemented in June despite the ongoing review, maintaining it will not substantively deviate from the TMRB's recommendation because "[i]f you change one aspect . . . the whole thing starts to unravel or fall apart."[2] Indeed, as of two months ago, 60% of the infrastructure for the program had already been built. Thus, the MTA has made clear its intent to pursue the congestion pricing program

---

[1] While the Federal Defendants have stated in correspondence that Plaintiffs' counsel chose to bring two federal actions in two separate jurisdictions and should therefore be prepared to litigate expeditiously in both venues, the argument is disingenuous for, as counsel is aware, Steptoe was retained initially to bring the *Mulgrew* suit and with Staten Island Plaintiffs, the EDNY was an appropriate place to file. It was only after that filing that Steptoe was approached to take over the *Chan* action that had been filed *pro se* in the SDNY.

[2] Stephen Nessen and Clayton Guse, *Don't Expect Changes to MTA's Congestion Pricing Even After Final Public Review*, GOTHAMIST (Dec. 8, 2023), https://gothamist.com/news/changes-to-mtas-congestion-pricing-nyc-nj (quoting John ("Janno") Lieber, Chair and CEO of the MTA).

even though review remains ongoing.  Indeed, if claims were not brought now, Defendants would likely later assert that the program is so far along that it would be unfair to halt it, or that the claim otherwise became moot.  In addition, the Complaint asks the Court to declare that the FHWA must "conduct a full supplemental review" of the final tolling structure (and not a simple cursory "re-evaluation"), due to the inadequacy of the initial review and the changed circumstances (different tolling price and structure).  That claim, asserted against the Federal Defendants, does not require waiting until after the tolling structure is finalized.

Regardless of the merits of these positions, both of these precise issues—timeliness and ripeness—are scheduled to be brought by all Defendants before Judge Liman on a coordinated and global briefing schedule that has now been agreed will begin on March 18.  It makes little sense to brief these same issues in two separate actions.   The *Mulgrew* matter should be transferred to the SDNY, as the parties previously agreed, and briefing should commence there as planned.

                                                          Respectfully submitted,

                                                          <u>/s/ Alan M. Klinger</u>

                                                          Alan M. Klinger

                                                          *Co-Counsel for Plaintiffs*